Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: § § | | |
| ENTRADA DEVELOPMENT, LLC, § § | | CASE NO. 23-10941-cgb Chapter 11 |
| Debtor. § | | |

| | | |
|---|---|---|
| ENTRADA DEVELOPMENT, LLC § Plaintiff, § § | | |
| v. § § | | Adversary No. _____ |
| CHRISTINA MARMOLEJO § Defendant. § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

**COMES NOW** Entrada Development, LLC ("Plaintiff"), Debtor in the above-styled and entitled bankruptcy case and the Plaintiff in the above-styled and numbered Adversary Proceeding, and files this Original Complaint against Defendant Christina Marmolejo pursuant to Bankruptcy Rule 7003. In support thereof, Plaintiff would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff Entrada Development, LLC is a Texas limited liability company.

2. Defendant Christina Marmolejo ("Marmolejo"), fka Christina Dixson, is an individual and may be served with citation at her residence at 155 World of Tennis, Lakeway, Texas 78738.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this adversary proceeding under 28 U.S.C. §§ 1334(b) and 157(a)-(b), and Fed. R. Bankr. P. 7001(1), (2), and (9).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(a)-(b).

## III. FACTS

6. On or about May 6, 2022, Entrada Development, LLC purchased the residential home located at 6 Candleleaf Court, The Hills, Texas 78738 ("Property").

7. Michael Dixson ("Dixson") is the current President of the Debtor.

8. On or about November 24, 2022, Dixson and Marmolejo separated.

9. On or about December 1, 2022, Dixson listed the property for sale with Jodi Locksheen. On the same date, a lockbox was installed on the property.

10. On or about December 12, 2022, Temporary Orders were entered in Dixson and Marmolejo's divorce proceeding which allowed Marmolejo sole possession of the Property during these proceedings.

11. Dixson was not allowed entry into the Property as a result.

12. Despite the Property being listed for sale, Marmolejo removed the lockbox and refused showings of the property during her period of sole possession.

13. On or about December 24, 2022, a water leak occurred at the Property in the attic above the garage. This water leak was due to a freeze. Marmolejo was not in town nor took any safeguards to protect the Property prior to her extended absence. Due to Marmolejo's lack of care

and supervision, a water leak which could have been contained devolved into a flood at the Property.

14. Dixon received notice of the flood from a third-party and immediately made arrangements to have the water shut off at the Property.

15. Due to the pending divorce proceedings between Dixson and Marmolejo, Dixson was not able to access the Property while Marmolejo was away. Despite being made aware of the leak, Marmolejo did not return to the Property for two (2) weeks. The Property suffered significant damage as a result of Marmolejo's failure to return.

16. On or about January 9, 2023, Cynthia Estrada ("Estrada"), Marmolejo's mother, was staying at the Property. At the direction of Marmolejo, Estrada instructed a neighbor to fix the leak using a split shot. This item was improperly installed, and once the water was turned back on, it caused additional damage due to improper installation.

17. On or about January 25, 2023, Marmolejo failed to properly winterize the pool. Winterization was necessary to ensure the pool did not freeze. Due to Marmolejo's failure to winterize, the pool froze and caused complete failure to the plaster and tile in the pool.

18. On or about January 25, 2023, there was tree damage as a result of the freeze. Broken trees fell on the house, outdoor kitchen, and decking which required repair. Marmolejo hired a company to remove the trees and failed to pay for their services.

19. Throughout February 2023, Marmolejo refused entry to Dixson in order to address the ongoing damage. Dixson was unable to begin any repairs or demolition to remedy these issues. Marmolejo's refusal caused significant and worsening mold intrusion, warping of kitchen cabinets, dry wall caving, and overall disparity to the premises.

20. On or about September 9, 2023, an Agreed Final Decree of Divorce ("Final Decree") was entered into. A copy of this Final Decree is attached hereto and incorporated by reference herein as Exhibit "A."

21. This Final Decree granted sole possession of the Property to Dixson.

### IV.  CAUSES OF ACTION

**A.  Negligence**

22. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

23. Texas law provides that the elements of a claim of negligence are (1) the defendant owed a legal duty to the plaintiff, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's injury. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

24. "[T]he existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990), citing *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 312 (Tex. 1983).

25. Plaintiff is the owner of the Property and Debtor in the underlying bankruptcy estate.

26. Marmolejo had a duty to conserve and protect the Property and, in turn, assets for the benefit of all creditors of the bankruptcy estate.

27. Marmolejo breached that duty by allowing harm and damages to the Property.

28. Plaintiff is in the process of trying to market and sell the subject Property. Due to the damages caused by Marmolejo, Plaintiff has received substantially lower offers than the

scheduled value of the Property in Debtor's schedules or the recent appraisal obtained on the Property by the secured lender that holds the mortgage on the Property.

29. The loss of equity to Debtor's estate was a direct result of Marmolejo's negligent acts.

30. Plaintiffs have suffered damages in not less than the amount of $400,000 as a result of Marmolejo's actions.

31. Because of the bad acts of Marmolejo, Debtor has suffered substantial damages to its estate and the Property.

**B.    Gross Negligence**

32. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

33. "Gross negligence has both an objective and a subjective component." *Reeder v. Wood Cty. Energy, LLC*, 395 S.W.3d 789, 796 (Tex. 2012). First, "viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others." *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001). Second, "the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Id.* Under the first, objective element, an extreme risk is "not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).

34. To establish the subjective component, "the plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrate that he did not care." *Diamond Shamrock Ref. Co. v. Hall*, 168 S.W.3d 164, 173 (Tex. 2005). The risk should be "examined

prospectively from the perspective of the actor, not in hindsight." *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008). The defendant need not have anticipated the precise manner of harm or to whom the injury would befall to have had awareness of the extreme risk. *U-Haul Int'l., Inc., v. Waldrip*, 380 S.W.3d 118, 139 (Tex. 2012).

35. Marmolejo had a duty to conserve and protect the Property and, in turn, assets for the benefit of all creditors of the bankruptcy estate.

36. By failing to properly winterize the Property and not timely repairing the Property, Marmolejo's act or omission to act involved an extreme degree of risk that was likely to result in continuing harm to the Property.

37. Marmolejo was made aware of the conditions at the Property and failed to properly act to remedy same.

38. Plaintiff is in the process of trying to market and sell the subject Property. Due to the damages caused by Marmolejo, Plaintiff has received substantially lower offers than the scheduled value of the Property in Debtor's schedules or the recent appraisal obtained on the Property by the secured lender that holds the mortgage on the Property.

39. The loss of equity to Debtor's estate was a direct result of Marmolejo's grossly negligent acts or omissions to act.

40. Plaintiffs have suffered damages in not less than the amount of $400,000 as a result of Marmolejo's actions or omissions to act.

41. Because of the disregard of Marmolejo and her failure to act, Debtor has suffered substantial damages to its estate and the Property.

C.  **Declaratory Judgment**

42. Plaintiff is entitled to a Declaratory Judgment pursuant to Section 37.002 of the Civil Practice and Remedies Code to establish liability regarding the damages to the Property. Plaintiff requests a declaration that Marmolejo was responsible for repairs during her possession of the Property.

V.  **DAMAGES AND REMEDIES**

A.  **Actual Damages**

43. Plaintiff hereby pleads for actual damages on the causes of action, costs of repairs, loss of market value of the Property, loss of use, and valuation damages.

B.  **Exemplary Damages**

44. Plaintiff would further show that the acts and omissions of Defendant were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Sections 41.001(11) of the Texas Civil Practice and Remedies Code.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Entrada Development, LLC requests that Defendant Christina Marmolejo be cited to appear and answer herein, and that upon a final hearing of the cause have a judgment entered against Defendant for the economic and actual damages requested hereinabove, together with prejudgment and post-judgment interest at the maximum rate allowed by law, exemplary damages or treble damages as provided by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

DATED: January 23, 2024.

        Respectfully submitted,

        /s/ Joyce Lindauer
Joyce Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
(972) 503-4033
(972) 503-4034 (Fax)
**Attorneys for Plaintiff**